IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG TELECOMMUNICATIONS AMERICA LLP and SAMSUNG ELECTRONICS CO., LTD., <br><br> Plaintiffs, <br> v. <br><br> INTERDIGITAL COMMUNICATIONS CORPORATION, INTERDIGITAL TECHNOLOGY CORPORATION, and TANTIVY COMMUNICATIONS, INC., <br><br> Defendants. | Civil Action No. 07-167 (JJF) |

### STIPULATION AND ORDER TO STAY PROCEEDINGS

Plaintiffs, Samsung Telecommunications America LLP and Samsung Electronics Co., Ltd. (collectively referred to as "Samsung"), and Defendants InterDigital Communications Corporation, InterDigital Technology Corporation, and Tantivy Communications, Inc. (collectively referred to as "InterDigital"), through their respective counsel of record, and subject to approval of the Court, hereby agree and stipulate as follows:

1.     On March 23, 2007, InterDigital filed a Complaint seeking to institute an investigation by the United States International Trade Commission ("ITC"), *In the Matter of Certain 3G Wideband Code Division Multiple Access (WCDMA) Handsets and Components Thereof*, ITC Investigation No. 337-TA-601, and brought in this Court a parallel proceeding, *InterDigital Communications Corporation, et. al v. Samsung Telecommunications America LLP, et al.*, Civil Action No. 07-CV-165. On the same day, Samsung brought the above-captioned action against InterDigital.

2. Certain of the Samsung and InterDigital parties are also parties to an Arbitration proceeding that resulted in an Arbitral Award that is now the subject of proceedings in the U.S. District Court for the Southern District of New York, styled: *In the Matter of Arbitration between InterDigital Communications Corporation, et al. v. Samsung Electronics, Co., Ltd.*, Civil Action No. 06-CV-6833 ("Arbitration Enforcement Proceeding").

3. Certain of the Samsung and InterDigital parties are additionally parties to an ICC Arbitration proceeding styled: *Samsung v. IDCC,* ICC Arbitration # 14 645/EBS ("Arbitration").

4. Pursuant to the automatic stay provisions of 28 U.S.C. § 1659, the parties have agreed to stay Civil Action No. 07-165 until the ITC determination becomes final in ITC Investigation No. 337-TA-601. In addition, the parties desire to resolve the legal disputes between them in a speedy, efficient, and cost-effective manner. To that end, and subject to the approval of the Court, the parties have also consented and/or agreed to stay this Civil Action No. 07-167, under the terms of this Stipulation and Order. The parties believe that in this manner, resolution of the pending Arbitration Enforcement Proceeding, the Arbitration, and/or the ITC Investigation could provide the parties greater clarity with respect to their respective rights and obligations and could facilitate settlement of all of the disputed maters that currently exist between them.

5. The parties agree that this Civil Action No. 07-167 shall be stayed beginning on the date of filing of this Stipulation and Order with the Court and shall continue until September 14, 2007.

6. The filing and/or service of any new Proceeding, by either party against the other, on or before September 14, 2007, shall automatically terminate the stay issued pursuant to Paragraph 5. For purposes of this Stipulation and Order, "Proceeding" shall mean any litigation, arbitration, patent reexamination, patent opposition, or other judicial and/or administrative proceeding, whether contested or uncontested, against the other, other than those expressly provided for in Paragraph 7 of this Stipulation.

7. Nothing in this Stipulation shall preclude either party from vigorously prosecuting and/or defending the Arbitration Enforcement Proceeding, the Arbitration, and/or ITC Investigation. Indeed, it is intended that these three proceedings shall be fully pursued without any limitation on the rights either party has in any of these three proceedings or the rights resulting from these three proceedings. By means of example, nothing in this Stipulation and Order shall be construed to preclude InterDigital with respect to the Arbitration Enforcement Proceeding from initiating any confirmation, collection, seizure, and/or any other related activities or proceedings that are permitted by applicable law. Likewise, nothing herein shall prevent Samsung from pursuing any claim, counterclaim, defense, and/or appeal of any kind in or resulting from these ongoing proceedings.

8. InterDigital and Samsung expressly agree that the entry of stay in this Civil Action No. 07-167 shall toll the running of any applicable limitations period for the term of the stay.

9. At the conclusion of the respective stay set forth in Paragraph 5 of this Stipulation and Order, InterDigital shall have twenty (20) days within which to answer or otherwise plead in response to the Complaint that has been filed in this Civil Action No. 07-167.

10. Counsel for InterDigital hereby accepts service of the Complaint on each of the InterDigital defendants in this Civil Action No. 07-167.

11. Except as expressly set forth in this Stipulated and Order, this Stipulation and the resulting Order shall be without prejudice to the rights of the parties.

Dated: June 12, 2007

/s /John G. Day
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
ASHBY & GEDDES
500 Delaware Ave., Suite 800
Wilmington, DE 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
*Attorneys for Plaintiffs*
*Samsung Electronics Co., Ltd. and*
*Samsung Telecommunications America LLP*

/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. # 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
*Attorneys for Defendants*
*InterDigital Communications Corporation,*
*InterDigital Technology Corporation*
*and Tantivy Communications, Inc.*

**SO ORDERED** this _____ day of June, 2007.

_____
The Honorable Joseph J. Farnan, Jr.

4