**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:07-cv-00167-JJF |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERDIGITAL COMMUNICATIONS, LLC, INTERDIGITAL TECHNOLOGY CORPORATION, and TANTIVY COMMUNICATIONS, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

OF COUNSEL:

Ron E. Shulman
Michael B. Levin
WILSON SONSINI GOODRICH &
ROSATI LLP
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Telecopier:  (650) 493-6811
rshulman@wsgr.com
mlevin@wsgr.com

Patrick J. Coyne
Christopher P. Isaac
FINNEGAN HENDERSON
FARABOW GARRETT
& DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone:  (202) 408.4000
Telecopier:  (202) 408.4400

Richard K. Herrmann #405
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone:  (302) 888-6800
Telecopier:  (302) 571-1750
rherrmann@morrisjames.com

*Attorneys for Defendants InterDigital
Communications, LLC,
InterDigital Technology Corporation,
and Tantivy Communications, Inc.*

Dated:  November 19, 2007

## TABLE OF CONTENTS

Page

PROCEDURAL BACKGROUND ................................................................................................1

SUMMARY OF ARGUMENT ......................................................................................................1

ARGUMENT ..................................................................................................................................2

I.     Samsung's Twelfth Cause of Action Should Be Dismissed Because Samsung Lacks Standing to Allege a Violation of the California Unfair Competition Law ....................................................................................................2

    A.     Standard For Dismissal Under Federal Rule of Civil Procedure 12(b)(6) ..................................................................................................2

    B.     Samsung Lacks Standing Because Samsung Does Not Allege that it Lost Money or Property to InterDigital .....................................................3

CONCLUSION ...............................................................................................................................4

# TABLE OF AUTHORITIES

Federal Cases
Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991) ................................. 2

Leuthner v. Blue Cross and Blue Shield of Northeastern Pa., 454 F.3d 120
    (3d Cir. 2006).................................................................................................. 2, 4

Mescall v. Burrus, 603 F.2d 1266 (7th Cir. 1979).............................................................. 2

Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist., 687 F.2d 718
    (3d Cir. 1982).................................................................................................. 2, 4

Walker v. USAA Cas. Ins. Co., 474 F. Supp. 2d 1168 (E.D. Cal. 2007) ........................ 3, 4

State Cases
Californians for Disability Rights v. Mervyn's, LLC, 138 P.3d 207 (Cal. 2006)............... 3

Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937 (Cal. 2003)......................... 3, 4

Federal Statutes
28 U.S.C. § 1919................................................................................................................ 4

State Statutes
Cal. Bus. & Prof. Code § 17200 ..................................................................................... 1, 2

Cal. Bus. & Prof. Code § 17203 ........................................................................................ 3

Cal. Bus. & Prof Code § 17204 ..................................................................................... 2, 3

Federal Rules
Federal Rule of Civil Procedure Rule 12(b)(6).................................................................. 2

Federal Rule of Evidence 54(d) ......................................................................................... 4

**PROCEDURAL BACKGROUND**

On September 14, 2007, Plaintiff Samsung Electronics Co., Ltd. ("Samsung") filed a first amended complaint (the "FAC") alleging *inter alia* that InterDigital engaged in anticompetitive and illegal conduct that allegedly injured Samsung and California consumers of cellular handsets in violation of California's Business & Professions Code § 17200 *et seq*. (FAC, ¶¶ 81-98, 125-127.) In response – and contemporaneously with filing both its answer and counterclaims for Samsung's infringement of InterDigital's patents – InterDigital files this partial motion to dismiss Count Twelve of Samsung's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). The legal basis for InterDigital's partial motion to dismiss is set forth in this Opening Brief.

**SUMMARY OF ARGUMENT**

In its FAC, Samsung alleges that InterDigital failed to comply with commitments to license certain patents essential to implement third-generation wireless telecommunications standards (collectively, the "3G Essential Patents") on Fair, Reasonable, and Non-Discriminatory ("FRAND") terms. According to Samsung, InterDigital assumed these commitments by participating in a number of standards development organizations ("SDOs"). (FAC, ¶¶ 19, 31, 40, 49, 58, 67, 76, 85, 94, 103, 112.) By failing to comply with these alleged commitments, Samsung continues, InterDigital breached obligations either to Samsung directly or to the SDOs in which, according to Samsung, both InterDigital and Samsung participate. (FAC, ¶¶ 32, 41, 50, 59, 68, 77, 86, 95, 104, 113.)

Critically, Samsung asserts that it and InterDigital have not yet agreed to license any of InterDigital's 3G Essential Patents. (FAC, ¶ 10.) Thus, Samsung does not allege, nor could it, that it has paid any royalties to InterDigital or has otherwise compensated InterDigital for its undisputed use of the valuable technology described in InterDigital's 3G Essential Patents. For that reason, InterDigital now moves to dismiss Count Twelve of Samsung's FAC.

In Count Twelve of the FAC, Samsung alleges that InterDigital's failure to comply with its FRAND licensing obligations violated California's Unfair Competition Law. Cal. Bus. & Prof. Code § 17200 *et seq*. (the "UCL"). Samsung lacks standing under the UCL because Samsung has failed to allege that it "lost money or property" to InterDigital, as required by the UCL. *See* Cal. Bus. & Prof Code § 17204. Samsung's UCL claim thus fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

## ARGUMENT

I.  **SAMSUNG'S TWELFTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE SAMSUNG LACKS STANDING TO ALLEGE A VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**

   A.  **Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)**

Where a plaintiff fails to allege facts supporting its standing to recover under the statute that forms the basis for its claim, that claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Leuthner v. Blue Cross and Blue Shield of Northeastern Pa.*, 454 F.3d 120, 122, 129 (3d Cir. 2006); *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 687 F.2d 718, 720 (3d Cir. 1982). While a court should give a plaintiff subject to a Rule 12(b)(6) motion the benefit of all inferences that may be drawn from the allegations of that plaintiff's complaint, the plaintiff bears the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A court, moreover, need not "accept legal conclusions either alleged or inferred from the pleaded facts." *Id*. (quoting *Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir. 1979)).

### B.     Samsung Lacks Standing Because Samsung Does Not Allege That it Lost Money or Property to InterDigital

Samsung's allegation that InterDigital violated California's Unfair Competition Law must be dismissed pursuant to Rule 12(b)(6) because Samsung does not have standing to sue for any alleged violation of the UCL.  Until California voters limited the scope of the Unfair Competition Law by passing Proposition 64 in November 2004, Section 17204 of California's Business and Professions Code permitted "any person" to bring a UCL action.  *Californians for Disability Rights v. Mervyn's, LLC*, 138 P.3d 207, 209 (Cal. 2006).  However, Proposition 64 restricted standing to persons "who ha[ve] suffered injury-in-fact and ha[ve] *lost money or property* as a result of such unfair competition."  Cal. Bus. & Prof. Code § 17204 (emphasis added).

To ascertain the meaning of "money or property" in Section 17204, a federal district court in California recently looked to the preceding provision, Section 17203.  *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007).  That provision uses the identical phrase, "money or property," to define the scope of monetary relief available under the UCL.  *See* CAL. BUS. & PROF. CODE § 17203.  Section 17203 has, however, been interpreted very narrowly by California courts.  In the leading case of *Korea Supply,* the California Supreme Court interpreted the phrase "money or property" in Section 17203 to mean that the "defendant took money or property . . . from plaintiff," or deprived the plaintiff of "money or property in which [plaintiff] has a vested interest."  *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 946-47 (Cal. 2003).

The *Walker* court reasoned that in passing Proposition 64 "the People [California voters who enacted Proposition 64] are presumed to have intended that the 'loss of money or property' they required for standing would be interpreted in accordance with the construction already given to the 'lost money or property' required to seek restitution under section 17203."  *Walker*, 474 F. Supp. 2d at 1172.  *Walker* observed that not aligning the test for standing with the test for remedial relief could result in a plaintiff

- 3 -

having standing to prosecute a cause of action, not being entitled to relief if successful. *Id.* To avoid that paradox, *Walker* held that there can be no UCL standing if "Plaintiff does not allege that *Defendant ever possessed any money or property that was formerly in Plaintiff's possession.*" *Id.* (emphasis added).

Samsung completely fails to allege any facts remotely suggesting that InterDigital "ever possessed any money or property that was formerly in [Samsung's] possession." *Walker*, 474 F. Supp. 2d at 1172. As previously noted, Samsung asserts that it and InterDigital have not yet agreed to license any of InterDigital's 3G Essential Patents. (FAC, ¶ 10.) Samsung has thus not asserted, nor could it assert, that it has paid InterDigital a penny in royalties for its use of the technology described in those patents. Not surprisingly, therefore, the FAC is devoid of allegations that InterDigital has come to possess anything in which Samsung has a vested ownership interest. *See Korea Supply*, 63 P.3d at 946-47. Samsung has thus failed to allege facts supporting its standing to recover under the UCL, and that claim must be dismissed pursuant to Rule 12(b)(6). *See Leuthner*, 454 F.3d at 122; *Shaffer*, 687 F.2d at 720.

## CONCLUSION

For the reasons stated above, Defendants InterDigital Communications, LLC, InterDigital Technology Corporation, and Tantivy Communications, Inc. (collectively, "InterDigital") respectfully request that this Court dismiss Count Twelve of Plaintiff Samsung Electronics Co., Ltd.'s ("Samsung") First Amended Complaint.

If this Court grants such relief in full or in part, InterDigital further requests that this Court – pursuant to 28 U.S.C. § 1919, Federal Rule of Evidence 54(d), District of Delaware Local Rule 54.1(a)(1), and any other applicable law – award InterDigital its reasonable attorney's fees and costs in this litigation. InterDigital expressly reserves the right to submit separate and additional briefing in support of its entitlement to such attorney's fees and costs.

InterDigital further requests all other relief to which it may be entitled.

- 5 -

OF COUNSEL:

Ron E. Shulman
Michael B. Levin				By:	  */s/ Richard K. Herrmann*
WILSON SONSINI GOODRICH AND			Richard K. Herrmann #405
ROSATI LLP						MORRIS JAMES LLP
650 Page Mill Road					500 Delaware Avenue, Suite 1500
Palo Alto, CA 94304					Wilmington, DE 19801-1494
Telephone:  (650) 493-9300				Telephone:  (302) 888-6800
Telecopier:  (650) 493-6811				Telecopier:  (302) 571-1750
rshulman@wsgr.com					rherrmann@morrisjames.com
mlevin@wsgr.com

*Attorneys for Defendants
InterDigital Communications,
LLC, InterDigital Technology
Corporation, and Tantivy
Communications, Inc.*

Patrick J. Coyne
Christopher P. Isaac
FINNEGAN HENDERSON LLP
FARABOW GARRETT
& DUNNER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone:  (202) 408.4000
Telecopier:  (202) 408.4400


Dated: November 19, 2007