IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>INTERDIGITAL COMMUNICATIONS, LLC,<br>INTERDIGITAL TECHNOLOGY CORPORATION, and<br>TANTIVY COMMUNICATIONS, INC.,<br><br>        Defendants.<br><hr>INTERDIGITAL COMMUNICATIONS, LLC and<br>INTERDIGITAL TECHNOLOGY CORPORATION,<br><br>        Counterclaim and<br>        Third-Party Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>        Counterclaim Defendant,<br><br>and<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and<br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>        Third Party Defendants. | Civil Action No. 07-167-JJF<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S ANSWER TO INTERDIGITAL'S
<u>COUNTERCLAIMS AND THIRD PARTY COMPLAINT</u>**

Plaintiff Samsung Electronics Co., Ltd. and Third Party Defendants Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") respectfully submit this Answer in response to each of the numbered paragraphs in the Counterclaims of Defendants and Counterclaim and Third Party Plaintiffs InterDigital

1

Communications, LLC and InterDigital Technology Corporation (collectively referred to as "InterDigital") as set forth in DEFENDANTS' AMENDED ANSWER TO FIRST AMENDED COMPLAINT, AMENDED COUNTERCLAIMS AND THIRD PARTY COMPLAINT (Docket No. 21).

## AMENDED COUNTERCLAIMS AND THIRD PARTY COMPLAINT

1. InterDigital repeats and incorporates by reference its responses and allegations as set forth herein in Paragraphs 1-136, above.

SAMSUNG RESPONSE:

Samsung realleges and incorporates by references it allegations as set forth in Paragraphs 1-136 of its First Amended Complaint (Docket No. 9).

2. Counterclaim and Third Party Plaintiff InterDigital Communications, LLC ("IDC LLC") is a Pennsylvania limited liability corporation having its principal place of business at 781 Third Avenue, King of Prussia, Pennsylvania, 19406. InterDigital Communications, LLC is a subsidiary of InterDigital, Inc., a Pennsylvania corporation.

SAMSUNG RESPONSE:

Samsung admits that InterDigital Communications, LLC is a Pennsylvania limited liability corporation having its principal place of business at 781 Third Avenue, King of Prussia, Pennsylvania, 19406. Except as expressly admitted herein, Samsung lacks sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 2, and on that basis, denies them.

3. Counterclaim and Third Party Plaintiff InterDigital Technology Corporation ("ITC") is a Delaware corporation having its principal place of business at 3411 Silverside Road, Concord Plaza, Suite 105 Hagley Building, Wilmington, Delaware 19810. ITC is a subsidiary of InterDigital, Inc., a Pennsylvania corporation.

SAMSUNG RESPONSE:

Samsung admits that InterDigital Technology Corporation is a Delaware corporation. Except as expressly admitted herein, Samsung lacks sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 3, and on that basis, denies them.

4.      Plaintiff-Counterclaim Defendant, Samsung Electronics Co., Ltd. ("Samsung Electronics"), is a Korean corporation with its principal place of business at 250, 2-Ka, Taepying-Ro, Chung-ku, Seoul, Korea.

SAMSUNG RESPONSE:

Admitted.

5.      Counterclaim Defendant, Samsung Electronics America, Inc. ("SEA"), is a New York corporation, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. SEA is a wholly owned subsidiary of Samsung Electronics.

SAMSUNG RESPONSE:

Admitted.

6.      Counterclaim Defendant, Samsung Telecommunications America, LLC ("STA"), is a Delaware corporation, having its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082. STA is a wholly owned subsidiary of Samsung Electronics. Upon information and belief, Samsung Telecommunications America LLP converted to Samsung Telecommunications America, LLC on December 27, 2006.

SAMSUNG RESPONSE:

Samsung admits that Counterclaim Defendant STA is a Delaware Corporation, having its principal place of business at 1301 Lookout Drive, Richardson, Texas 75082. Samsung admits that Samsung Telecommunications America LLP converted to STA on December 27, 2006. Except as expressly admitted herein, Samsung denies any remaining allegations of Paragraph 6. STA is a wholly owned subsidiary of SEA.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over these counterclaims for relief pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a), under the Patent Laws of the United States (35 U.S.C. § 1 et seq.).

SAMSUNG RESPONSE:

Because Paragraph 7 consists solely of InterDigital's legal conclusions regarding jurisdiction, no answer is required. To the extent that any answer is required, Samsung lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7, and on that basis, denies them.

8. This Court also has personal jurisdiction over Counterclaim Defendant Samsung because Samsung has submitted itself to the jurisdiction of the Court.

SAMSUNG RESPONSE:

Admitted.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

SAMSUNG RESPONSE:

Admitted.

## BACKGROUND

10. United States Patent No. 5,799,010 ("the '010 patent"), entitled "Code Division Multiple Access (CDMA) Communication System," issued on August 25, 1998, to inventors Gary Lomp, John Kowalski, Fatih Ozluturk, Avi Silverberg, Robert Regis, Michael Luddy, Alexander Marra, and Alexander Jacques. ITC owns by assignment the entire right, title, and interest in and to the '010 patent. A true and correct copy of the '010 patent is attached to this Answer and Counterclaims as Exhibit A.

SAMSUNG RESPONSE:

Samsung admits that a document purported to be United States Patent No. 5,799,010, entitled "Code Division Multiple Access (CDMA) Communication System," issued on August 25, 1998, to named inventors Gary Lomp, John Kowalski, Fatih Ozluturk, Avi Silverberg, Robert Regis, Michael Luddy, Alexander Marra, and Alexander Jacques is attached to InterDigital's Amended Answer, Amended Counterclaims, and Third Party Complaint as Exhibit A. Except as expressly admitted herein, Samsung lacks sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 10, and on that basis, denies them.

11. United States Patent No. 6,215,778 ("the '778 patent"), entitled "Bearer Channel Modification System for a Code Division Multiple Access (CDMA) Communication System," issued on April 10, 2001, to inventors Gary Lomp, John Kowalski, Fatih Ozluturk, Avi Silverberg, Robert Regis, Michael Luddy, Alexander Marra, and Alexander Jacques. ITC owns by assignment the entire right, title, and interest in and to the '778 patent. A true and correct copy of the '778 patent is attached to this Answer and Counterclaims as Exhibit B.

SAMSUNG RESPONSE:

Samsung admits that a document purported to be United States Patent No. 6,215,778 ("the '778 patent"), entitled "Bearer Channel Modification System for a Code Division Multiple Access (CDMA) Communication System," issued on April 10, 2001, to named inventors Gary Lomp, John Kowalski, Fatih Ozluturk, Avi Silverberg, Robert Regis, Michael Luddy, Alexander Marra, and Alexander Jacques is attached to InterDigital's Amended Answer, Amended Counterclaims, and Third Party Complaint as Exhibit B. Except as expressly admitted herein, Samsung lacks sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 11, and on that basis, denies them.

## COUNTERCLAIM I
## INFRINGEMENT OF U.S. PATENT NO. 5,799,010

12. InterDigital repeats and incorporates each and every allegation of paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

SAMSUNG RESPONSE:

Samsung repeats and realleges its responses to the allegations in Paragraphs 1 through 11 above.

13. The '010 patent is presumed to be valid under 35 U.S.C. § 282, and remains enforceable.

SAMSUNG RESPONSE:

Samsung admits that 35 U.S.C. § 282 provides that an issued patent is presumed to be valid. Except as expressly admitted herein, Samsung denies any remaining allegations in Paragraph 13, including any allegation that the '010 patent is valid or enforceable.

14. On information and belief, Samsung, SEA, and STA (collectively "the Samsung Counterclaim Defendants") manufacture, use, import, offer for sale, and/or sell products that infringe the '010 patent, and will continue to do so unless enjoined by the Court.

SAMSUNG RESPONSE:

Denied.

15. On information and belief, Samsung Counterclaim Defendants manufacture, import, offer for sale, and/or sell in the United States Third Generation ("3G") CDMA2000

handsets and components thereof that infringe the '010 patent. Samsung Counterclaim Defendants' past and present infringing handsets include, but are not limited to, the following models: SCH-a303 Heat; SCH-a570; SCH-a630; SCHa645; SCH-a850; SCH-a870; SCH-a930; SCH-a950; SCH-a970; SCH-a990; SCH-i730; SCH-i760; SCH-i830 (sometimes referred to as the "IP-830w"); SCH-r200; SCH-r400; SCH-r500 Hue; SCH-r510 Wafer; SCH-u410; SCH-u420; SCH-u470 (sometimes referred to as the "Juke"); SCH-u520; SCH-u540; SCH-u620; SCH-u700 (sometimes referred to as the "Gleam"); SCH-u740; SPH-a513 (sometimes referred to as the "Fin"); SPH-a640; SPH-a900; SPH-a920 (sometimes referred to as the "MM-A920"); SPHm500; SPH-m510; SPH-m520; SPH-m610; and SPH-m620 (sometimes referred to as the "UpStage" or "B'Phone"). The identification of these models is not intended to limit the scope of this counterclaim, and remedy should extend to all past and present infringing models.

SAMSUNG RESPONSE:

Denied.

16. Samsung Counterclaim Defendants know or should have known of InterDigital's rights in the '010 patent, and their infringement of the '010 patent has been willful and deliberate.

SAMSUNG RESPONSE:

Denied.

17. As a result of Samsung Counterclaim Defendants' past and continuing infringement of the '010 patent, InterDigital has suffered and is continuing to suffer irreparable damages in an amount to be determined at trial.

SAMSUNG RESPONSE:

Denied.

## COUNTERCLAIM II
## INFRINGEMENT OF U.S. PATENT NO. 6,215,778

18. InterDigital repeats and incorporates each and every allegation of paragraphs 1 through 17 of these Counterclaims as if fully set forth herein.

SAMSUNG RESPONSE:

Samsung repeats and realleges its responses to the allegations in Paragraphs 1 through 17 above.

19. The '778 patent is presumed to be valid under 35 U.S.C. § 282, and remains enforceable.

SAMSUNG RESPONSE:

Samsung admits that 35 U.S.C. § 282 provides that an issued patent is presumed to be valid. Except as expressly admitted herein, Samsung denies any remaining allegations in Paragraph 19, including any allegation that the '778 patent is valid or enforceable.

20. On information and belief, Samsung Counterclaim Defendants manufacture, use, import, offer for sale, and/or sell products that infringe the '778 patent, and will continue to do so unless enjoined by the Court.

SAMSUNG RESPONSE:

Denied.

21. On information and belief, Samsung Counterclaim Defendants manufacture, import, offer for sale, and/or sell in the United States the 3G Wideband Code Division Multiple Access (WCDMA) and CDMA2000 handsets and components thereof that infringe the '778 patent. Samsung Counterclaim Defendants' past and present infringing handsets include, but are not limited to, the following models: SGH-a707 (sometimes referred to as the "Sync"); SGH-a717; SGH-a727; SGH-a737; SGHi607 (sometimes referred to as the "Blackjack"); SGH-zx10; SGH-zx20; SCH-a303 Heat; SCH-a570; SCH-a630; SCH-a645; SCH-a850; SCH-a870; SCH-a930; SCH-a950; SCHa970; SCH-a990; SCH-i730; SCH-i760; SCH-i830 (sometimes referred to as the "IP-830w"); SCH-r200; SCH-r400; SCH-r500 Hue; SCH-r510 Wafer; SCH-u410; SCHu420; SCH-u470 (sometimes referred to as the "Juke"); SCH-u520; SCH-u540; SCHu620; SCH-u700 (sometimes referred to as the "Gleam"); SCH-u740; SPH-a513 (sometimes referred to as the "Fin"); SPH-a640; SPH-a900; SPH-a920 (sometimes referred to as the "MM-A920"); SPH-m500; SPH-m510; SPH-m520; SPH-m610; and SPH-m620 (sometimes referred to as the "UpStage" or "B'Phone"). The identification of these models is not intended to limit the scope of

7

this counterclaim, and remedy should extend to all past and present infringing models.

SAMSUNG RESPONSE:

Denied.

22. Samsung Counterclaim Defendants know or should have known of InterDigital's rights in the '778 patent, and their infringement of the '778 patent has been willful and deliberate.

SAMSUNG RESPONSE:

Denied.

23. As a result of Samsung Counterclaim Defendants' past and continuing infringement of the '778 patent, InterDigital has suffered and is continuing to suffer irreparable damages in an amount to be determined at trial.

SAMSUNG RESPONSE:

Denied.

**SAMSUNG'S RESPONSE TO INTERDIGITAL'S PRAYER FOR RELIEF**

Samsung denies that InterDigital is entitled to any of the relief sought in InterDigital's prayer for relief against Samsung. Samsung has not directly, indirectly, contributorily, and/or by inducement, literally and/or by the doctrine of equivalents, infringed willfully or otherwise United States Patent Nos. 5,799,010 ("the '010 Patent") and 6,215,778 ("the '778 Patent"). InterDigital is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Samsung on the basis of any of the allegations set forth in InterDigital's Amended Answer, Amended Counterclaims, and Third Party Complaint.

## I. AFFIRMATIVE DEFENSES

Samsung asserts the following affirmative defenses:

### First Defense – Patent Invalidity

InterDigital's claims alleging infringement of the '010 and '778 Patents are barred because the '010 and '778 Patents are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Second Defense – Non-infringement

Samsung does not infringe any claim of the '010 and '778 Patents in any manner under 35 U.S.C. § 271(a),(b),(c), and/or (f), willfully or otherwise.

### Third Defense - License

The relief sought by InterDigital is barred in whole or in part by an express or implied license.

### Fourth Defense – Estoppel

InterDigital's claims for relief are barred in whole or in part by the doctrine of equitable estoppel.

### Fifth Defense – Substantial Non-infringing Uses

To the extent that InterDigital alleges that Samsung contributorily infringes the '010 and '778 Patents, such claims are barred as one or more products accused of infringement have substantial non-infringing uses.

### Sixth Defense – Exhaustion

On information and belief, InterDigital's claims alleging infringement of the '010 and '778 Patents are barred under the doctrine of patent exhaustion.

### Seventh Defense – Prosecution History Estoppel

By reason of acts, admissions, and statements before the United States Patent & Trademark Office made by or on behalf of applicants for the '010 and '778 Patents during prosecution of the patent applications that matured into the '010 and '778 Patents, InterDigital is estopped from claiming infringement by Samsung of one or more claims of the '010 and '778 Patents.

### Eighth Defense – Unclean Hands

Samsung hereby incorporates by reference all the allegations in Paragraphs 1-131 of Samsung's First Amended Complaint (Docket No. 9). Samsung also hereby incorporates by reference all the allegations in Samsung's prior Affirmative Defenses set forth above, including Samsung's Third, Fourth, Sixth, and Seventh Affirmative Defenses. Each of the '010 and '778 Patents is void and unenforceable based on the equitable doctrine of unclean hands. The allegations set forth herein are made on information and belief of Samsung and are subject to the discovery of additional evidence.

### Ninth Defense – Failure to State a Claim

InterDigital's Amended Answer, Amended Counterclaims, and Third Party Complaint fail to state a claim upon which relief can be granted. Samsung has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to InterDigital.

                ASHBY & GEDDES

                */s/ Lauren E. Maguire*
                _____
                Steven J. Balick (I.D. #2114)
                John G. Day (I.D. #2403)
                Lauren E. Maguire (I.D. #4261)
                500 Delaware Avenue, 8th Floor
                P.O. Box 1150
                Wilmington, DE 19899
                Telephone: (302) 654-1888
                Facsimile: (302) 654-2067
                sbalick@ashby-geddes.com
                jday@ashby-geddes.com
                lmaguire@ashby-geddes.com

                *Attorneys for Samsung*

*Of Counsel:*

David J. Healey
J. Nicholas Bunch
Wasif Qureshi
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

David C. Radulescu
Charan Sandhu
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Cabrach Connor
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway, Suite 1350
Austin, Texas 78758
Telephone: (512) 349-1930
Facsimile: (512) 527-0798

Dated: January 18, 2008
187406.1