IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>INTERDIGITAL COMMUNICATIONS, LLC, INTERDIGITAL TECHNOLOGY CORPORATION, and TANTIVY COMMUNICATIONS, INC.,<br><br>Defendants.<br><hr>INTERDIGITAL COMMUNICATIONS, LLC and INTERDIGITAL TECHNOLOGY CORPORATION,<br><br>Counterclaim and<br>Third-Party Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Counterclaim Defendant,<br><br>and<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Third Party Defendants. | Civil Action No. 07-167-JJF |

**ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

Plaintiff Samsung Electronics Co., Ltd. ("Samsung") hereby opposes the partial motion of Defendants InterDigital Communications, LLC, InterDigital Technology Corporation, and Tantivy Communications, Inc. (collectively, "InterDigital") under

Federal Rule of Civil Procedure 12(b)(6) to dismiss Count Twelve of Samsung's First Amended Complaint ("FAC") (D.I. 9). In Count Twelve, Samsung alleges that it was harmed by InterDigital's unfair competitive practices in refusing to grant Samsung licenses on Fair, Reasonable, and Non-Discriminatory ("FRAND") terms to certain patents InterDigital has claimed are essential to implement third-generation ("3G") wireless telecommunications standards.

## SUMMARY OF ARGUMENT

Samsung has standing to sue under California's Unfair Competition Law ("UCL") because it has alleged that it "has suffered injury in fact and has lost money or property as a result of [InterDigital's] unfair competition." Cal. Bus. & Prof. Code § 17204. Samsung's FAC specifies that InterDigital has erected an economic barrier to Samsung's entry into the 3G wireless telecommunications handset market by failing to meet its obligations to offer Samsung FRAND licensing terms. FAC ¶ 127. The FAC further states that InterDigital's failure to license on FRAND terms has caused Samsung to lose profits, customers, goodwill, and product image, and it threatens prospective damage to Samsung's handset business. FAC ¶¶ 87, 96.

The cases cited in InterDitigal's Opening Brief only address standing to bring suit for restitution, not injunctive relief. To the extent they control – and there are reasons they do not – they at most establish that Samsung cannot seek monetary restitution premised solely on Count Twelve. On the matter of availability of injunctive relief under the UCL, these cases are either silent or supportive of Samsung's standing.

Accordingly, Samsung respectfully requests that the Court deny InterDigital's Partial Motion to Dismiss, or if it grants that motion, that the Court simultaneously grant Samsung leave to amend its complaint.

## ARGUMENT

### I.

### STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), the Court "must accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). The question for the Court is "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). If the Court grants a motion to dismiss, it should "freely give leave" to amend, including where there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of … the amendment, [or] futility of the amendment …." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### II.

### SAMSUNG HAS STANDING TO SUE UNDER CALIFORNIA UNFAIR COMPETITION LAW

#### A.   Samsung Has Pled Financial Harm

As amended by Proposition 64 in 2004, Section 17204 of the UCL states that an action may be brought "by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204. As Samsung has alleged, "InterDigital's refusal to license on FRAND terms in intellectual property allegedly essential to practicing 3G wireless telecommunications standards has

3

injured Samsung by erecting an economically insurmountable barrier to entry in the handset market." FAC ¶ 127. The reasonable reading of this allegation – particularly when, as required for this motion, it is viewed in the light most favorable to Samsung – is that Samsung lost money by being excluded from a market that would have been profitable if FRAND license terms were being offered. And Samsung had a vested legal interest in FRAND terms based on InterDigital's obligation to grant them. Additionally, InterDigital's refusal to license Samsung on FRAND terms has caused Samsung to lose profits, customers, goodwill, and product image, and it threatens prospective damage to Samsung's handset business. FAC ¶¶ 87, 96. Samsung has thus alleged sufficient financial harm to state a cause of action under the UCL.

### B. InterDigital Need Not Have Taken Money or Property from Samsung to Be Susceptible to Suit for Unfair Competition

InterDigital overstates the holding of *Walker v. USAA Casualty Insurance Co.*, 474 F. Supp. 2d 1168 (E.D. Cal. 2007). *Walker* did not hold that a plaintiff must have lost money or property *to the defendant* to have standing to sue under the UCL. It merely held that the plaintiff must have lost money or property in its possession or in which it had a "vested legal interest[.]" *Walker*, 474 F. Supp. 2d at 1172. To the extent the plaintiff seeks restitutionary damages, of course, there must be some unjust enrichment of the defendant at the plaintiff's expense. That is the crux of the *Walker* decision. But a claim under the UCL may be for restitution *or injunctive relief*. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539 (Cal. 1999). Samsung seeks injunctive relief directly related to its UCL claim. FAC p. 26 ("Samsung respectfully requests that the Court enter judgment: ... that InterDigital must

4

offer Samsung a license on FRAND terms for any patent claim that InterDigital contends or has alleged in any context is necessary to implement a standard adopted by an industry standard-setting group.").

*Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937 (Cal. 2003), also addresses only restitutionary claims. In *Korea Supply*, the court addressed whether "nonrestitutionary disgorgement" of profits was an available remedy under the UCL, holding that it was not. *Id.* at 945-47. But the court explicitly acknowledged "that the equitable powers of a court are to be used to 'prevent' practices that constitute unfair competition[.]" *Id.* at 946 (quoting Cal. Bus. & Prof. Code § 17203). Of course, the most obvious way for a court to use its equitable powers to "prevent" an unfair practice is through an injunction against that practice.

In any event, *Walker* is manifestly distinguishable on its facts. The plaintiff in *Walker* was an auto body repair shop owner protesting an insurance company's insistence on paying the plaintiff at the same rates it paid other shops, rather than the "unspecified hourly rate" that the plaintiff "initially demanded." *Walker*, 474 F. Supp. 2d at 1170-71. Crucially, the plaintiff ultimately agreed to perform the work at the defendant's specified rate. *Id.* at 1171, 1173. Because the defendant had no obligation to pay the plaintiff's preferred rate, the plaintiff lacked any "vested legal interest" in being paid a larger sum of money. *Id.* at 1173. Samsung's situation is different, because InterDigital *was* subject to an obligation to license Samsung on FRAND terms. *See, e.g.*, FAC ¶¶ 9, 19, 31, 40, 49, 58, 67, 76, 85, 94, 103, 112. Samsung had a vested legal interest in FRAND licenses, and its injury stems directly from InterDigital's unfair acts in breach of that obligation.

### C. InterDigital's Reading of *Walker* Is Inconsistent with California Case Law and Would Lead to Absurd Results

InterDigital's apparent reading of *Walker* departs from the way California courts have interpreted the UCL. InterDigital cites no cases from any California state court interpreting Section 17204 to require for standing that the defendant "took money or property" from the plaintiff or deprived the plaintiff of "money or property in which [plaintiff] has a vested interest." Opening Br. (D.I. 16) at 3. Samsung is also aware of no such cases. In fact, California state and federal cases decided after the enactment of Proposition 64 have recognized loss of business, business value, or other financial resources as cognizable financial harm under the UCL. *See, e.g., Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688 (2007) (retailer alleged diminution in value of assets, decline in market capitalization, and other vested interests); *Southern California Housing Rights Center v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061 (advocacy group alleged that condominium association caused it to lose financial resources and have to divert staff from other cases to investigate disabled condominium owner's claim).

InterDigital's interpretation of Section 17204 would also lead to absurd results, rewarding the most effective offenders while punishing those whose unfair acts are only moderately effective. If exclusion from a market were not cognizable harm under Section 17204, then a competitor that was 100% effective in keeping its rival out of a market could not be sued under the UCL. Meanwhile, a company that only managed, through unfair acts, to divert a portion of its competitor's business toward itself apparently would be subject to suit. This nonsensical result cannot be the intended policy objective of Section 17204 and should not be endorsed by the Court.

6

## III.

## EVEN IF THE COURT GRANTS INTERDIGITAL'S MOTION, SAMSUNG IS ENTITLED TO AMEND ITS COMPLAINT

In the end, all InterDigital has alleged in its motion is a technical defect in Samsung's pleading.  Yet even if InterDigital's inaccurate view of the law and overly narrow reading of Samsung's Complaint were accepted, Federal Rule of Civil Procedure 15(a) requires that Samsung receive an opportunity to amend its complaint, and InterDigital does not contend otherwise.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court deny InterDigital's Partial Motion to Dismiss.  Alternatively, if the Court grants InterDigital's motion, it should grant Samsung leave to amend its complaint.

Samsung also opposes InterDigital's request for attorney's fees and costs.  Samsung reserves the right to respond to any briefing InterDigital submits in support of its request for attorney's fees and costs.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Samsung*

*Of Counsel:*

David J. Healey
J. Nicholas Bunch
Wasif Qureshi
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

David C. Radulescu
Charan Sandhu
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Cabrach Connor
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway, Suite 1350
Austin, Texas 78758
Telephone: (512) 349-1930
Facsimile: (512) 527-0798

Dated: January 18, 2008
187455.1