## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERDIGITAL COMMUNICATIONS, ) <br> LLC, INTERDIGITAL TECHNOLOGY ) <br> CORPORATION, and ) <br> TANTIVY COMMUNICATIONS, INC., ) <br> ) <br> Defendants. ) | C.A. No. 1:07-cv-00167-JJF |

### REPLY BRIEF IN SUPPORT OF
### DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

OF COUNSEL:

Ron E. Shulman
Michael B. Levin
WILSON SONSINI GOODRICH &
ROSATI LLP
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
rshulman@wsgr.com
mlevin@wsgr.com

Patrick J. Coyne
Christopher P. Isaac
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408.4000
patrick.coyne@finnegan.com
chris.isaac@finnegan.com

Dated: January 31, 2008

Richard K. Herrmann #405
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Defendants InterDigital
Communications, LLC,
InterDigital Technology Corporation,
and Tantivy Communications, Inc.*

**Table of Contents**

INTRODUCTION .................................................................................................... 1

ARGUMENT........................................................................................................... 1

I.  BECAUSE IT HAS NOT ADEQUATELY ALLEGED A LOSS OF MONEY OR PROPERTY, SAMSUNG HAS NOT PLED FACTS SUFFICIENT TO ESTABLISH STANDING UNDER CALIFORNIA'S UNFAIR COMPETITION LAW .................................................................................... 1

II. SAMSUNG IS NOT ENTITLED TO AMEND ITS COMPLAINT TO CURE THE FUNDAMENTAL STANDING DEFICIENCY ........................................... 7

CONCLUSION........................................................................................................ 8

**Table of Authorities**

Federal Cases

Blachy v. Butcher,
    221 F.3d 896 (6th Cir. 2000) ................................................................................ 7

Coal. for ICANN Transparency, Inc. v. Verisign, Inc.,
    452 F. Supp. 2d 924 (N.D. Cal. 2006) .................................................................. 2

Covington v. Cole,
    528 F.2d 1365 (5th Cir. 1976) .............................................................................. 7

Hunter v. Underwood,
    362 F.3d 468 (8th Cir. 2004) ................................................................................ 7

In re Integrated Health Servs., Inc.,
    375 B.R. 730 (D. Del. 2007) ................................................................................ 8

Laster v. T-Mobile USA, Inc.,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ................................................................ 3

National Rural Telecommunications Cooperative v. DirectTV Inc.,
    319 F.Supp.2d 1094, 1122 (C.D. Cal. 2003)……………………………………...5

Newark Morning Ledger v. United States,
    507 U.S. 546 (1993)……………………………………………………………….4

Southern Cal. Hous. Rights Center v. Los Feliz Towers Homeowners Ass'n Bd.,
    426 F. Supp. 2d 1061 (C.D. Cal. 2005) ........................................................... 3, 6

Walker v. USAA Cas. Ins. Co.,
    474 F. Supp. 2d 1168 (E.D. Cal. 2007) ....................................................... 2, 3, 7

Whitmire v. Victus Ltd.,
    212 F.3d 885 (5th Cir. 2000) ................................................................................ 7

State Cases

Akkerman v. Mecta Corp.,
    62 Cal. Rptr. 3d 39 (Cal. Ct. App. 2007) ............................................................. 4

Aron v. U-Haul Co. of California,
    49 Cal.Rptr.3d 555 (2006) .................................................................................... 4

Bernard v. Foley,
    139 P.3d 1196 (Cal. 2006) .................................................................................... 3

Big Creek Lumber Co. v. County of Santa Cruz,
    136 P.3d 821 (Cal. 2006) ...................................................................................... 3

Californians for Disability Rights v. Mervyn's LLC,
    138 P.3d 207 (Cal. 2006) ........................................................................................ 3

Doe v. City of Los Angeles,
    169 P.3d 559 (Cal. 2007) ..................................................................................... 2, 3

GTE Sprint Commc'ns Corp. v. County of Alameda,
    32 Cal. Rptr. 2d 882 (Cal. Ct. App. 1994) ............................................................. 4

Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.,
    29 Cal. Rptr. 3d 521 (2005) .................................................................................... 4

Korea Supply Co. v. Lockheed Martin Corp.,
    63 P.3d 937 (Cal. 2003) ...................................................................................... 3, 5

Meyer v. Sprint Spectrum L.P.,
    166 P.3d 1 (Cal. 2007) ............................................................................................ 2

Meyer v. Sprint Spectrum L.P.,
    59 Cal. Rptr. 3d 309 (Cal. Ct. App. 2007) ......................................................... 2, 3

Overstock.com, Inc. v. Gradient Analytics, Inc.,
    61 Cal. Rptr. 3d 29 (Cal. Ct. App. 2007) .............................................................. 6

People v. Rizo,
    996 P.2d 27 (Cal. 2000) .......................................................................................... 2

Progressive West Ins. Co. v. Superior Court,
    37 Cal. Rptr. 3d 434 (2005) .................................................................................... 4

Statutes

California Business & Professions Code § 17200 et seq ......................................... passim

28 U.S.C. § 191 ............................................................................................................... 8

Rules

Federal Rule of Evidence 54(d) ...................................................................................... 8

Defendants InterDigital Communications, LLC, InterDigital Technology Corporation, and Tantivy Communications, Inc. (collectively, "InterDigital") respectfully submit this reply in support of their November 19, 2007 Opening Brief In Support of Defendants' Partial Motion To Dismiss Pursuant To Federal Rule of Civil Procedure 12(b)(6) ("Interdigital's Brief"), requesting that this Court dismiss Count Twelve of Plaintiff Samsung Electronics Co., Ltd.'s ("Samsung") First Amended Complaint.

## INTRODUCTION

Samsung says nothing in its Answering Brief to seriously controvert the fundamental deficiency in its California Unfair Competition Law claim, Count Twelve of the First Amended Complaint. The First Amended Complaint fails to allege the requisite "lost money or property" necessary to establish standing to sue under § 17204 of California's Unfair Competition Law ("UCL"), Business & Professions Code § 172000 *et seq*. To establish standing, Samsung must plead that it has lost money or property which Samsung either once possessed or in which it had a vested legal interest. At best, the First Amended Complaint merely alleges that InterDigital breached a contractual obligation. That allegation does not establish a lost property interest for the purposes of § 17204, and does not suffice for standing. Because Samsung has failed to allege sufficient facts to establish standing, and because Samsung must have had knowledge of any such facts when it filed its First Amended Complaint, InterDigital requests that Count Twelve of the First Amended Complaint be dismissed with prejudice.

## ARGUMENT

**I.  BECAUSE IT HAS NOT ADEQUATELY ALLEGED A LOSS OF MONEY OR PROPERTY, SAMSUNG HAS NOT PLED FACTS SUFFICIENT TO ESTABLISH STANDING UNDER CALIFORNIA'S UNFAIR COMPETITION LAW**

Because it has failed to allege, and cannot allege, cognizable "lost money or property as a result of the unfair competition," Samsung lacks standing to sue under the UCL. Business & Professions Code § 17204. As Samsung concedes, under the UCL Samsung must have lost *either* (a) money or property in its possession, *or* (b) money or property in which it had a "vested

interest" due to unfair competition. (Samsung Brief at 4.)[1]  An amorphous "financial harm," of the kind alleged by Samsung, will not do. (*Id*. at 3.)

The proper construction of "lost money or property" under the UCL assigns the words their ordinary meaning while construing the language in the context of the statute as a whole.  To determine what constitutes "lost money or property" for § 17204 purposes, California courts utilize standard canons of statutory construction.  *See Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*, 452 F. Supp. 2d 924, 939 (N.D. Cal. 2006); *Meyer v. Sprint Spectrum L.P.*, 59 Cal. Rptr. 3d 309, 313 (Cal. Ct. App. 2007).[2]  First, California courts look to the plain language of the statute and give the words their ordinary meaning.  *Id*.  Second, California courts consider the context of the statute as a whole and the overall statutory scheme.  *Id.* (citing *People v. Rizo*, 996 P.2d 27, 30 (Cal. 2000)).  Should any ambiguity remain, California courts refer to "other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  *Id*.  Finally, California courts construe statutes to give meaning to each word and to avoid mere surplusage.  *See*, *e.g.*, *Doe v. City of Los Angeles*, 169 P.3d 559, 568-569 (Cal. 2007).

Applying these principles of statutory construction, the phrase "lost money or property" in § 17204 should be construed identically to the phrase "money or property" used in the immediately preceding section of the UCL, § 17203.  The court in *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007), adopted this precise interpretation.  *Walker*'s construction of § 17204's "lost money or property" language—that "plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost"—fits the plain meaning of the words, and is consistent with the statutory scheme of the UCL as a whole and the

---

[1] While the parties dispute whether the money or property must be lost *to the defendant* (see InterDigital Brief at pp. 3-4 and Samsung Brief at pp. 3-4), both parties agree that there must be loss of money or property. As demonstrated in this brief, Samsung falls at this first hurdle—making it academic for purposes of this motion whether Samsung must have lost money or property directly to InterDigital.

[2] On August 15, 2007, the California Supreme Court granted review of the Fourth District Court of Appeal's decision in *Meyer*. *See Meyer v. Sprint Spectrum L.P.*, 166 P.3d 1 (Cal. 2007). The issues presented for review are unrelated to the matters presented by this motion.

legislative history of the state ballot initiative, Proposition 64, that amended § 17204. *Id.* (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 94 (Cal. 2003)7).

Moreover, § 17204 requires plaintiffs to allege "injury in fact" *and* "lost money or property." Thus, "lost money and property" must mean more than "injury in fact"—yet Samsung's conception of "lost money or property" would effectively conflate the two elements, thereby rendering one of them superfluous. Such a construction violates canons of statutory interpretation. *Doe v. City of Los Angeles*, 169 P.3d 559, 569 (Cal. 2006); *Bernard v. Foley*, 139 P.3d 1196, 1206 (Cal. 2006); *Big Creek Lumber Co. v. County of Santa Cruz*, 136 P.3d 821, 831 (Cal. 2006).

*Walker*'s holding is consistent with how California courts have applied the standing requirements of § 17204. Focusing on the plain meaning of the words used in § 17204, California courts have interpreted "to lose" as "to suffer a deprivation of," and "loss" as "an undesirable outcome of a risk; the disappearance or diminution of value, usu. in an unexpected or relatively unpredictable way." *See Meyer*, 59 Cal. Rptr. 3d at 314-15 (citing Black's Law Dict. (8th ed. 2004) at 963). As to the statutory scheme and voter intent, the California Supreme Court has held that the intent of the electorate in passing Proposition 64 and enacting § 17204 was to *narrow* the category of persons who can sue businesses under the UCL. *Californians for Disability Rights v. Mervyn's LLC*, 138 P.3d 207, 209 (Cal. 2006) (citing Proposition 64, § 1. subds. (b)(1)-(4), (e)-(f)). Accordingly, California courts have categorized the kinds of losses of money or property that establish standing under § 17204. *See Meyer*, 59 Cal. Rptr. 3d at 314-15.

In order to have standing, a plaintiff must allege "either (1) that money was *expended by the plaintiff* due to the defendant's acts of unfair competition [citations omitted], (2) that money or property was *lost or suffered a diminution in value* [citations omitted]; or (3) that plaintiff was denied money to which plaintiff had a *cognizable claim* [citations omitted]." *Id.* at 314-15 (emphases added).³ Similarly, the California Court of Appeal more recently held that a plaintiff

---

³ *See also Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (defendants advertised cellular phones as free or substantially discounted when purchased with cellular telephone service, but plaintiffs were required to pay sales tax on the full retail value of the phones); *Southern Cal. Housing Rights Center v. Los*

lacked standing to file an unfair competition claim where he failed to "show that he suffered an out-of-pocket loss." *Akkerman v. Mecta Corp.*, 62 Cal. Rptr. 3d 39, 46 (Cal. Ct. App. 2007). These categories of loss are consistent with *Walker*'s interpretation of "lost money and property."

Samsung concedes that, in order to establish standing under § 17204, it must establish prior possession or a vested legal interest in lost money or property. (*See* Samsung Brief at 4-5.) Samsung argues, however, both that (1) it "has lost money by being excluded from a market that would have been profitable if FRAND license terms were being offered," and (2) it "had a vested legal interest in FRAND terms based on InterDigital's obligation [with various third parties] to grant them." (*Id.* at 4.) Neither argument is persuasive because neither establishes that Samsung lost money or property once in its possession or in which it had a vested legal interest.

Samsung's market exclusion argument fails because Samsung failed to plead that it has lost any money or property *once in its possession or in which it had a vested interest* due to its lack of an InterDigital license. While Samsung alleges it has lost "past, present, and future profits" (*see, e.g.*, ¶ 87),[4] nowhere does Samsung allege that the past or present profits of which InterDigital supposedly deprived Samsung were *ever in Samsung's possession*.

Samsung also argues that an alleged breach of InterDigital's supposed contractual obligations amounts to a loss of property in which Samsung had a vested interest. (Samsung Brief at 4-5). Were this true, any plaintiff who alleged breach of contract would automatically

---

*Feliz Towers Homeowners Ass'n Bd.,* 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005) (housing rights center lost financial resources and diverted staff time investigating case against defendants); *Aron v. U-Haul Co. of California,* 49 Cal. Rptr. 3d 555, 559 (2006) (plaintiff alleged he was required to purchase excess fuel when returning rental truck); *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 29 Cal. Rptr. 3d 521, 530-31 (2005) (plaintiff's home and car were vandalized by animal rights protestors); *Progressive West Ins. Co. v. Superior Court*, 37 Cal. Rptr. 3d 434, 452 n.5 (2005) (insurance company paid insured's medical bills, then sued to recover that money when insured collected damages from the third party who caused his injuries; insured had standing to bring UCL claim against insurance company).

[4] Samsung also claims that it has lost "goodwill and product image," "customers and potential customers" and "prospective damage to its handset business." First Amended Complaint, ¶¶ 33, 42, 51, 60, 69, 78, 87, 96, 105, and 114. "Goodwill" is no more than "the *expectancy* of continued patronage." *See GTE Sprint Commc'ns Corp. v. County of Alameda*, 32 Cal. Rptr. 2d 882, 891 (Cal. Ct. App. 1994) (citing *Newark Morning Ledger v. United States*, 507 U.S. 546 (1993)) (emphasis added). The remaining allegations are, at best, no more than a variation of Samsung's allegation of lost "past, present and future profits," and are equally deficient.

have standing for a UCL claim.  Samsung cites no cases for this proposition, which would *expand* rather than *diminish* the number of possible UCL litigants contrary to the purposes of Proposition 64.

Assuming for the purposes of this 12(b)(6) motion only that there has even been a breach of contract, Samsung still has *lost no property as a result.*  InterDigital's alleged breach of an obligation to offer a FRAND license did not, even under Samsung's stated theory, cause Samsung to lose any money or property in which it had a vested legal interest.  Samsung's claimed "loss" consists entirely of alleged *prospective* damages to Samsung in the downstream market for 3G handset sales—lost sales, a license on its own terms, etc.  Samsung's claimed "vested legal interest" therefore, is for *expectancy* damages—things Samsung never had which are outside the definition of "money or property" in § 17203.  *See*, *e.g., Korea Supply*, 63 P.3d at 42; *National Rural Telecommunications Cooperative v. DirectTV Inc.*, 319 F.Supp.2d 1094, 1122 (C.D. Cal. 2003) ("[A]bstract property rights… do not entitle [plaintiff] to get something it never had").  Samsung does not contend that it's claimed contractual interest vis-à-vis InterDigital called for InterDigital to provide money or property to Samsung.  Thus, Samsung has identified *no money or property* that it has lost as a result of anything it alleges InterDigital did.

To distinguish *Walker* and *Korea Supply*, Samsung attempts to limit both cases' application to instances in which plaintiffs seek only restitution, instead of "injunctive relief," under § 17203.  *See* Samsung's Brief at 4-5.  But neither those cases nor the statutory scheme of the UCL suggest that the *general* standing requirements of § 17204 would differ when a plaintiff seeks restitution rather than injunctive relief.  To the extent Samsung means to suggest that a plaintiff seeking restitution must do so from a defendant in possession of money or property *that was once the plaintiff's*, that is an uncontroversial truism and entirely irrelevant to this motion.[5]

---

[5] In any event, should this Court decline to dismiss Count Twelve as a whole, InterDigital requests that Samsung be barred from seeking restitution damages based on Count Twelve, as the First Amended Complaint contains no allegations that InterDigital has in its possession any money or property that was formerly Samsung's.

Samsung cites two cases in support of its assertion that "loss of business, business value, or other financial resources" (Samsung Brief at 6) counts as cognizable harms under the UCL. *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 61 Cal. Rptr. 3d 29, 51-52 (Cal. Ct. App. 2007); and *Southern Cal. Hous. Rights Center v. Los Feliz Towers Homeowners Ass'n Bd.*, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005). (Samsung Brief at 6.) Neither of these decisions, however, supports Samsung's claims because, unlike Samsung, the plaintiffs in those cases alleged actual losses. In *Overstock.com*, the plaintiff's complaint alleged "diminution in value of [plaintiff's] assets and decline in [plaintiff's] market capitalization and other vested interests." 61 Cal. Rptr. 3d at 52. Similarly, in *Southern California Housing Rights Center*, the plaintiff had standing "because it present[ed] evidence of actual injury based on loss of financial resources in investigating this claim and diversion of staff time from other cases to investigate the allegations." 426 F. Supp. 2d at 1069.

The First Amended Complaint does not allege asset depreciation, stock diminution, expenditures or staff diversions resulting from InterDigital's allegedly unfair acts, or any other loss of that sort. Instead, the First Amended Complaint alleges that InterDigital's conduct "rais[es] prices, control[s] output, . . . stem[s] innovation," and "erect[s] an economically insurmountable barrier to entry into the handset market." ¶¶ 125-127. Simply put, Samsung has not alleged any concrete *losses* of money or property in its possession or in which it had a vested interest—it at best has alleged only that it has failed to make *gains*.

Perhaps appreciating this, Samsung presents a "strawman" argument to suggest that, if exclusion from a market alone were not a cognizable harm under the UCL, "then a competitor that was 100% effective in keeping its rival out of a market could not be sued under the UCL." (Samsung Brief at 6.) This argument fails. First, it is not true that a plaintiff who was 100% excluded from a market could not establish standing under any circumstances. Most if not all such plaintiffs would be able to plead specific expenses and other out-of-pocket losses to meet § 17204's requirements. Second, the "lost money and property" requirements for § 17204

standing limit *private party* litigants; California's Attorney General and other public prosecutors are not so constrained, and may enforce the law without establishing injury.

There is no doubt that the standing requirement *diminishes* the number of eligible litigants—that was the very intent of § 17204, as enacted through Proposition 64—but it does not reward "successful" unfair competitors.

## II.   SAMSUNG IS NOT ENTITLED TO AMEND ITS COMPLAINT TO CURE THE FUNDAMENTAL STANDING DEFICIENCY

As discussed above, Samsung at best has lost an *expectancy*, not money or property in its possession or in which it had a vested interest. Thus, the deficiencies of the First Amended Complaint cannot be cured "because it is the very nature of the Plaintiff's asserted injury that renders him unable to maintain any claim under the UCL." *Walker*, 474 F. Supp. 2d at 1173-74. Any amendment would be futile. Accordingly, as in *Walker*, the motion to dismiss should be granted without leave to amend. *Id*.

Samsung claims that its failure to allege facts demonstrating "lost money or property" is a mere "technical defect" which it should be allowed to correct in a second amended complaint. (Samsung Brief at 7.) A failure to allege facts sufficient to maintain standing is a fundamental flaw, however, not a "technical defect"—a term best reserved for truly minor errors. *See*, *e.g.*, *Hunter v. Underwood*, 362 F.3d 468, 479 (8th Cir. 2004) (failing to include appropriate references to the record and exceeding the page-limit rule for the summary of the case are technical defects); *Blachy v. Butcher*, 221 F.3d 896, 909-910 (6th Cir. 2000) (failing to name the United States as a party instead of the IRS is a technical defect); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (failing to specifically allege the citizenship of a party is a technical defect); *Covington v. Cole*, 528 F.2d 1365, 1369 (5th Cir. 1976) (providing the incorrect signature on a verified complaint is a technical defect).

While Rule 15(a) of the Federal Rules of Civil Procedure allows Samsung to amend its complaint "where justice requires," there is no injustice in requiring plaintiffs to set forth properly plead counts. Nor is it unjust to hold Samsung accountable when it has already filed

- 8 -

*two* complaints, neither of which properly plead standing. (Complaint and First Amended Complaint, Docket Nos. 1 and 9). In this district, moreover, further amendment is disfavored where the requested amendment is based upon facts known to the plaintiff when the original complaint was filed. *In re Integrated Health Servs., Inc.*, 375 B.R. 730, 731 (D. Del. 2007). Because any facts that could have been used to demonstrate the "lost money or property" necessary to establish standing were necessarily known to Samsung when it filed its First Amended Complaint, Samsung should not be afforded further opportunity to amend.

## CONCLUSION

For the reasons stated above, InterDigital respectfully requests that this Court dismiss Count Twelve of Samsung's First Amended Complaint.

If this Court grants such relief in full or in part, InterDigital further requests that this Court—pursuant to 28 U.S.C. § 1919, Federal Rule of Evidence 54(d), and District of Delaware Local Rule 54.1(a)(1)—award InterDigital its reasonable attorney's fees and costs in this litigation. InterDigital expressly reserves the right to submit separate and additional briefing in support of its entitlement to such attorney's fees and costs.

InterDigital further requests all other relief to which it may be entitled.

OF COUNSEL:

Ron E. Shulman
Michael B. Levin
WILSON SONSINI GOODRICH &
ROSATI LLP
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Telecopier: (650) 493-6811
rshulman@wsgr.com
mlevin@wsgr.com

Patrick J. Coyne
Christopher P. Isaac
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408.4000
Telecopier: (202) 408.4400

Dated: January 31, 2008

By:   /s/ Richard K. Herrmann
Richard K. Herrmann #405
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Telecopier: (302) 571-1750
rherrmann@morrisjames.com

*Attorneys for Defendants
InterDigital Communications,
LLC, InterDigital Technology
Corporation, and Tantivy
Communications, Inc.*